E. W. RHEA, Appellant, v. UMATILLA COUNTY, Respondent.

*Appeal from Marion County.*

1. When the duties of an assessor commence.
2. The assessor and county clerk form a tribunal from whose decisions a writ of review may be taken.
3. Having sought a reduction in assessment from that tribunal, and the decision being adverse to him, it is too late for appellant to seek and obtain redress in Circuit Court after the lapse of more than six months.

In June, 1865, appellant was the owner of 350 head of live stock in Lane County, Oregon, which stock, on the 29th day of June, 1865, was assessed in that county, and the taxes paid by appellant, and a receipt of the sheriff taken therefor. About the first of August, 1865, the said band of stock was taken to Umatilla county, Oregon, and kept there for purposes of increase and sale, and were assessed there. Appellant claims that said second assessment was illegal, and avers that he appeared before the clerk and assessor of the latter county, at the proper time, and made proof of former assessment and payment of tax thereon, but that those officers refused to correct the assessment by remitting the same. He further claims that he applied to the County Court of that county, at its September term, 1865, and made full showing of the facts, but that said court refused and omitted to correct said erroneous assessment. The tax levied thereon for 1865, not having been paid, was included in the delinquent list in 1867, which list, with proper warrant attached, was given to the sheriff, who levied upon a portion of said stock, and, under protest of appellant, sold the same and realized the amount of the taxes due. Appellant sued the county of Umatilla, in trespass, to recover damages for such sale and expenses, laying the amount at $1,000.

Umatilla county demurred, generally and specially, to the complaint. Special reliance is placed on the argument here

upon the point "that the complaint does not state facts sufficient to constitute a cause of action." The court below sustained the demurrer, and gave judgment for defendant thereon, and plaintiff appealed here.

*Ellsworth & Walton*, for appellant.

*Bonham & Lawson*, for respondent.

No written briefs furnished.

WILSON, J.   The appellant insists upon these positions in his argument : That the assessment in Lane county was a valid one, and the tax levied thereon proper.   That the assessment in Umatilla county was without authority of law; and the levy by the sheriff, and sale, were illegal.   That Umatilla county, by its agents, having caused the injury, and received the benefits, should respond in damages.

These points respondent denies, and, as a bar to this action, claims that appellant has mistaken his remedy.

From the laws relating to assessors it would seem that their duties commence immediately after the first Monday in July, in the year of their election, but it is not clear as to such time in the second year of their term.   The question, whether the assessor of Lane county was not premature in his assessment of appellant's stock, is obviated by reference to the law providing for the taking of the quinquennial census.   *Code* 632, *section* 6, reads thus : "It shall be the duty of assessors to enter upon the discharge of their duties, on or before the 10th day of May, of each year in which they are required to comply with the provisions of this act."

The year 1865 was the year designated for taking the census, and the assessor was acting lawfully on the 29th day of June in that year; and, upon such assessment, appellant could have been forced to pay the tax levied.

It is of no importance for us to pass upon the legality of the assessment made in Umatilla county, since the decision

here does not turn upon the priority or peculiar legality of the two assessments.

After completing the assessment of property, the assessor, on the last Monday in August, sits with the county clerk, as a board of equalization, for the purpose of correcting assessments, as to valuation, &c., at which time, if it appears that any property has been twice assessed, or assessed beyond its actual value, the quasi board shall adjudicate upon the matter and make all proper corrections. This is the only tribunal known to our laws having any such original jurisdiction and authority. The conclusion to which they come upon any proper matter, as to valuation, &c., is in the nature of a judgment, and is entered as a matter of record upon the assessment roll. From their supervision the roll goes to the County Court to serve as a basis for the levy of taxes, and the authority of that court over the roll for corrections extends only to formal matters. The quasi board of equalization passes in fact upon the whole assessment roll, and it is their decision as to the value of all property prepared for taxation.

We think the clerk and assessor constitute a *tribunal* upon whose decision a revision may be had under *section 573, page 293 of the Code*, which reads thus: "Any party to any process or proceeding before any inferior *officer* or *tribunal* may have the decision thereof reviewed for errors therein, as in this title prescribed, and not otherwise." The last clause of section 580, page 296, of same chapter provides: "In no case shall the writ be allowed unless the application therefor be made within *six months* from the date of the decision or determination complained of." The clerk and assessor sit as a tribunal after public notice has been given that they will then make an adjustment of valuations, and any aggrieved property holders ought to appear and seek redress for wrongful or improper assessments. When they do so seek a correction and are not satisfied with the decision, the law provides no other remedy but to avail themselves of the writ of review; and that too

within six months after the decision. Suppose for a moment that appellant could have sought redress by a decision of the County Court, as he claims to have done, and there received an adverse decision. By *section 875, page 367 of the Code,* " the decisions of the court" (the County Court) in the transaction of county business " shall only be reviewed upon the writ of review provided by this Code." Appellant avers that in due time, in the fall of 1865, he made application for redress to both the clerk and assessor, and to the County Court, and, in both tribunals the decision was adverse to him. He made no opposition to that decision until in the year 1867, when the sheriff, armed with a warrant for the collection of the delinquent taxes of 1865, seizes and sells his property for those taxes. For two years an adverse decision has stood unreversed. That decision was upon record as though it were a judgment, and the tax warrant was literally an execution issued on it. It seems to us that, having a proper and speedy remedy at hand by which his rights could be protected, the appellant has suffered an adverse decision by a tribunal having proper jurisdiction to mature into a finality; and is now too late to claim what he then might well have done.

If this conclusion be true, the sheriff of Umatilla county had a valid process based upon a proper adjudication; and if so, he certainly committed no trespass by seizing such a portion of appellant's property as would realize on sale the amount of taxes due.

In coming to these conclusions we find it unnecessary to pass upon any question as to the form of the action.

We think the appellant has no proper standing in court in this case.

Judgment is affirmed.