CIRCUIT COURT FOR THE COUNTY OF BAKER.— VACATION AFTER
OCTOBER TERM, 1870.

PAUL L. SHUMWAY AND BRO., PETITIONERS, *v.* THE
COUNTY OF BAKER, RESPONDENT.

ASSESSMENT—COUNTY COURT.—The county court has no jurisdiction or authority to correct errors made by the assessor in the valuation of property.

IDEM.—The proper tribunal by which such corrections are made is composed of the assessor and county clerk.

---

[*] This case was taken to the supreme court on appeal. See *Wood* v. *Fitzgerald et al post.*

DURING the regular October term of this court for the year 1870, "Paul L. Shumway and Bro." submitted their verified petition, praying for a writ of review to the county court of Baker County, to correct alleged errors of said court in refusing, upon motion and affidavits of petitioners, to correct the assessment of their taxable property, made by the county assessor in August last. The prayer of said petition was granted, and a writ issued in due form to the said court, which writ was duly returned, with transcript of the proceedings and record properly certified. Thereupon a motion was made by defendant's counsel to quash and dismiss the writ. The motion was resisted, and after argument, the cause was taken under advisement, etc.

*W. B. Lasswell*, district attorney, and *I. D. Haines*, for the motion.

*D. M. McKinney*, contra.

McARTHUR, J. From the record certified up to this court the following facts appear: That on August 7, 1870, the assessor of Baker County, in the discharge of the duties of his office, required one of the copartners of the firm of Paul L. Shumway & Bro. to furnish him with a verified list of all the real and personal property of said firm subject to taxation in said county; that on August 9, said list was furnished by Paul L. Shumway & Bro., with their own estimate of the value of their property. It appears therefrom that the property returned was valued at $6,160.00, and that their indebtedness was $5,954 \frac{70}{100}$, leaving $270 \frac{30}{100}$ as the amount of their taxable property; that on August 12, the assessor assessed said firm in the sum of $10,270 \frac{30}{100}$, and his reasons for so doing appear in marginal notes upon the statement returned by the petitioners: that on September 6, at a regular term of the county court of Baker county, the petitioners appearing by counsel, moved the said court, sitting as commissioners, to correct said assessment by reducing the same ten thousand dollars, the said motion being based on affidavits; that counsel appeared for the county, and resisted said motion, and after hearing the arguments of

counsel, the court dismissed the motion, and all proceedings in said matter, for the reason that it had no jurisdiction to hear and determine the same, and this judgment of the county court the petitioners charge as error.

For the purposes of this case, it is unnecessary to consider the contents of the affidavits accompanying the said motion, or the statement of the assessor, written upon the schedule of petitioners' property.

Two points are raised in that portion of the petition which may be regarded as the assignment of errors:

*First.* That the county court erred in holding that it had no jurisdiction of the subject matter of the application of the petitioners, and in dismissing the same; and

*Second.* That the county court erred in not striking from the assessment roll ten thousand dollars charged to the petitioners by the assessor, in addition to the amount of their taxable property as claimed and returned by them.

As the second is embraced within the first they will be considered conjointly. Since the decision of the supreme court of this state in the case of *The Oregon Steam Navigation Company* v. *Wasco County*, 2 Or. 206 *et seq.*, there has been but little room left for controversy upon the propositions of law arising in cases of the nature of the one now under consideration. In that case it was held that "in section 24, chapter 53, page 900, of the code, the legislature gave the county court its authority over the assessment roll. Change in valuation is not hinted at. The court has power to correct the roll; that does not include the power to change assessments, for the words change and correct are not equivalent in meaning. It may change descriptions of property, 'and may make any other alterations or corrections in such roll as it shall deem necessary to make the same conform to the requirements of this chapter (53).' What does chapter 53 authorize or require? Title 1, declared what property is taxable; title 2, where and to whom such property is assessable; title 3, manner of making assessments; and in section 15 of that title, is the only reference to appraisal, and then it requires the assessor 'to appraise it (the taxable property) according to the provisions of the

statutes relating thereto,' evidently referring to some other statute where such manner was indicated, and to none other than chapter 2, page 628, of the code. That valuation was an act fixed elsewhere, it was not one of the requirements of chapter 53, but was one of chapter 2 alone. When made, it is final, unless provision is expressly made somewhere for its revision." The law has provided a time, a place and a tribunal for the revision of assessments, and the correction of errors in the valuation of property. Section 4, chapter 2, pages 628–9, of the code, provides that "each assessor shall give three weeks public notice in some newspaper, printed in his respective county; if there be no such newspaper, then in some newspaper in general circulation in his county, or by posting up notices in six conspicuous places in his county, setting forth that, on the last Monday of August, the assessor will attend at the office of the county clerk of his county, and with the assistance of said clerk will publicly examine the assessment rolls, and correct all errors in *valuations*, descriptions or qualities of lands, lots or other property, and it shall be the duty of persons interested, to appear at the time and place appointed, and if it shall appear during such examination that there are any lands, lots, or other property assessed twice, or assessed beyond their actual value, or assessed in the name of a person not the owner thereof, or any lands, lots, or other property not assessed, the county clerk and assessor shall make the proper connections." In view of this provision of the code the supreme court, in the case above cited, expressly declared that "the only authority for revision in *valuation* we deem is vested in the assessor and clerk, on the last Monday in August, at the clerk's office." Then and there any one feeling aggrieved by the acts of the assessor in the appraisal or valuation of his or her property, must be and appear, and take such steps as may lead to a correction of all errors of that character. If the aggrieved party fails to appear before this tribunal,—for it is a tribunal, and the only one known to the law as having original jurisdiction and authority to correct errors made by the assessor in the valuation of property, and declared to be such in *Rhea* v. *Umatilla County*, 2 Or. 300,—

then he or she must suffer the penalty of his or her own neglect, and be obliged to acquiesce in the statement of the valuation of his or her property as returned by the assessor. Errors committed by the clerk and assessor in revising the assessment rolls may be reviewed by this court, as was also held in *Rhea* v. *Umatilla County.*

From the facts presented by the record, and the law as enacted by the legislature and interpreted by the supreme court, the only conclusion I can reach is, that the county court has no jurisdiction or authority to correct errors made by the assessor in the valuation of property. Hence the county court of Baker county, in so deciding, and in dismissing from its consideration the proceedings instituted by petitioners, did not err. It follows that defendant's motion should prevail and the writ be dismissed with costs.