# DALTON, ET AL., *v.* EAST PORTLAND.

POWER OF CITY COUNCIL—ASSESSMENT—ULTRA VIRES.—The city charter of East Portland provides that the recorder "shall make a list of all the taxable property within the limits of the city, which list shall be taken from the assessment roll for Multnomah county; said list, when so made out, to be certified and delivered by him to the committee on ways and means of the common council. After said roll has been equalized, and the tax levied by the council, he shall apportion the taxes upon the assessment roll, and deliver the same to the city treasurer. He shall have power and authority to add to such assessment at any time before delivering the same to the treasurer, any property which may have been omitted from said list. Any person feeling himself aggrieved by such assessment, may apply in writing to the council to have such assessment revised, and if the council deem the same erroneous, they must correct it." *Held,*

1. That these provisions, in effect, make the assessment roll of Multnomah county of the taxable property within the city limits, after the same has been copied by the recorder and acted upon by the council, the assessment roll of said city.

2. That the power of the council is limited to the equalization of the assessments in said roll and the levy of a tax to meet the expenses of the city.

3. That the action of the council in raising all the assessments contained in such roll a uniform per cent., was beyond their authority, and void.

4. But *semble*, such action does not vitiate the assessment as made by the proper officer from the county assessment roll.

5. An injunction will be granted to restrain the collection of the tax levied upon such excessive valuation.

*E. O. Dowd and Ira Jones*, for appellant.

*S. R. Harrington*, for respondent.

APPEAL from Multnomah County.

By the Court, LORD, J.:

The property of the plaintiffs was levied upon and advertised to be sold by the defendant, for the payment of taxes. The object of this suit is to enjoin such sale, and

the collection of the taxes upon which it is predicated. The question to be decided arises upon a general demurrer to the sufficiency of the complaint as a cause of suit. That portion of the complaint to which the controversy is mainly directed, and out of which the disputed question arises, is, in substance, that for the levy of the city taxes for 1884, the city recorder took from the assessment roll of Multnomah county a list of the taxable property of the city of East Portland; that on the 3rd day of December 1883, he certified this list to the committee on ways and means of the common council; that said committee estimated the value of the property contained in said list from the city assessment of 1883, with twenty per cent. added thereto, etc. It is the raising, by the city council, the assessed value of all the property assessed in the city twenty per cent. which constitutes the alleged ground of error or illegality. In the solution of this question the principle must not be lost sight of that, in construing a grant of power to tax made by the State to one of its municipalities, the rule of strict construction applies. (Cooley on Taxation, 209; Dillon on Mun. Corp., sec. 605.) The reason of the rule is obvious. The source of the power is wholly statutory, and as its exercise may result in the divestiture of the citizen's property, it is primarily essential that the authority to exercise it should be given. The authority " to assess, levy and collect taxes " is expressly conferred upon the city of East Portland, (sub. 2, sec. 2, art. v. City Charter) and by pusuing the mode prescribed and through the agencies authorized by its charter, the city may lawfully exercise the taxing power for appropriate purposes. By the charter, it is made the duty of the city recorder, " on or before the first day of December of each year, to make a list of all taxable property within the limits of the city,

which list shall be taken by him from the assessment roll for Multnomah county. Said roll, when so made out, shall be duly certified and delivered by him to the committee on ways and means of the common council. After said assessment roll has been equalized and the tax levied by the council, he shall apportion the taxes upon the assessment roll and deliver the same to the city treasurer. He shall have power and authority to add to such assessment at any time before delivering the same to the city treasurer any property, either real or personal, which may come to his knowledge, and which may have been omitted in said list. And no deduction shall be allowed on account of indebtedness, except indebtedness within the city of East Portland. Any person feeling himself aggrieved by any such assessment, either in the valuation or listing of the property, may apply in writing to the council to have such assessment revised, and if the council deem the same erroneous, they must correct it." (Sec. 1, art. 5, City Charter.) The effect of this provision is to make the assessment roll for Multnomah county of the taxable property within the limits of the city, after the same has been taken or copied from such assessment roll by the recorder and duly certified to and delivered by him to the committee on ways and means, the assessment roll of the taxable property of the city of East Portland. With the making of the assessment, the common council, nor its committee has nothing to do. Their power in the premises only begins after the assessment is made in the manner prescribed and is properly certified to and delivered to them. With this roll, as the basis for its action, the business of the council is to equalize the assessments and to levy a tax to meet the expenses of the city, not to exceed the amount limited by the charter. Whether the work of equalizing the assessments be primarily done

through the agency of a committee, and then adopted by the council, is immaterial. The power is conferred and the duty is imposed upon the council, not to make, or to raise the assessment of the taxable property of the city, but to equalize the assessments as between those liable to taxation within the jurisdiction, so that the burdens of taxation may be distributed equally and impartially. A tax being a burden or charge imposed for public uses, equality in the imposition of such burden or charge is as much a demand of justice as a constitutional requirement, and although absolute equality like absolute justice is not always attainable, yet the adoption of some rule or principle approximating to that end is an indispensable requirement of good government. To assist in such work and further such end, boards of equalization have been established, invested with various powers depending upon statutory regulations. For this purpose, the power to equalize the assessments made is expressly conferred upon the council. But the power to equalize an assessment made or to correct it is entirely different from the power to make an assessment. (*Mumford, et al.,* v. *The Pleasant Grove,* 42 Ind., 203.) By the plain reading of the section, no power to list and value the taxable property of the city for the purpose of making an assessment of the same is given to the council, either in express terms, or by necessary implication. Nor to add real or personal property to the assessment already made which may have been omitted. These powers have been confided by the charter to another agency, and must be performed by the agency upon whom such powers devolve the duty, and in the mode authorized. It is true, any person aggrieved by the assessment as made, upon a sufficient showing, may have the error corrected by the council, but the authority to act in

such case, gives no inference of the right or power of the council to make an assessment of the taxable property in the city, or to increase a certain per centum such assessment. The only object of this is to revise or correct errors shown to exist in the particular instance in the assessment already made. But here the council have undertaken, at their own instance, to raise the aggregate assessed value of each and every assessment twenty per cent. above the value as assessed and certified to them. Plainly, there was no warrant for the exercise of this authority. The case of *Kittle* v. *Sherwin*, 11 Neb. 75, is directly in point upon this subject. There a city council, sitting as a board of equalization, assumed authority to raise the assessed value of all the property of the city by raising the aggregate value of each assessment a certain per cent. Upon this point the court say: "The city council, sitting as a board of equalization, had no power to raise the assessed value of all the property assessed in said city. Such raising of the valuation is not equalizing in any sense. 　*　*　The only values that were before them were those of the property of the several persons and corporations of their own city; and their only duty was to equalize the assessments as between these so that the burden of taxation might rest equally upon the tax payers of the city in proportion to the true value of their several taxable possessions." And here the power conferred, and the duty is the same. The raising of the value the per centum placed upon the property by the council as a basis of taxation was unauthorized and cannot be sustained, but this does not vitiate the assessment of such property as made by the proper officer from the Multnomah list, and duly certified and delivered to their committee. This assessment of the taxable property within the city, the council was empowered to equalize and levy

a tax upon not to exceed the amount limited by the charter. And their taxes upon this assessment, the plaintiffs were bound to pay. Nor do they seek to escape the payment of them. The bill shows, and the fact was emphasized at the argument, that the plaintiffs had tendered and were still ready and willing to pay their lawful taxes. The demurrer should have been overruled, but as it concedes the facts to be true, for the purposes of the case, the prayer for an injunction should be granted. (*Stingle* v. *Nevel*, 9 Or., 65.) Let a decree be entered accordingly.