[Filed February 29, 1888.]

## OREGON AND WASHINGTON MORTGAGE SAVINGS BANK, Appellant, v. THOMAS A. JORDAN, Sheriff of Multnomah County, AND MULTNOMAH COUNTY. Respondents.

VERIFIED LIST OF TAXABLE PROPERTY—HILL'S CODE, SECTION 2769.—The verified list required under this section to be furnished the assessor by a tax-payer does not constitute an assessment when received by the assessor. It simply aids him in obtaining a true description of taxable property, and is evidence from which the assessment may be made.

ASSESSMENT—WHAT IS.—Property is not assessed though on a verified list until it is set down in the assessment roll as required by section 2770 of Hill's Code.

BOARD OF EQUALIZATION—ITS POWERS AND DUTIES.—The board of equalization, in *making the proper corrections* under section 2779 of Hill's Code, may place on the assessment roll property of a taxpayer which had been omitted by the assessor, or *not assessed*, and this without the three days' notice to such tax-payer. Notice is requisite only when the valuation of property already assessed is raised.

TAXATION—JURISDICTION OF EQUITY.—Before equity will interfere to enjoin the collection of a tax, the facts presented must disclose a case falling under some recognized head of equity jurisdiction, such as the preventing a multiplicity of suits, removing cloud from title, or the like, or it *seems* illegality of the tax.

ASSESSOR—ACTS JUDICIALLY IN VALUATION OF PROPERTY, and their determinations are binding in cases where they have jurisdiction until reversed or set aside by some tribunal having authority to review their action.

REMEDY OF TAX-PAYER.—The remedy of the tax-payer in all ordinary cases for errors in his assessment is to go before the board of equalization, and failing to obtain redress, to seek it by writ of review. (*Rhea* v. *Umatilla County*, 2 Or. 298, and *Poppleton* v. *Yamhill County*, 8 Or. 338, approved.)

APPEAL from Multnomah County.

*McDougall & Bower,* for Appellant.

*McGinn & Simon,* for Respondents.

STRAHAN, J.—The object of this suit is to enjoin the collection of a tax. The material part of the complaint is in substance as follows: That on or before August 25, 1884, plaintiff furnished and filed with the assessor of Multnomah County, a full

statement of the property of the plaintiff, and duly sworn to as required by law; that said statement contained all personal property except shares of stock in Portland National Bank, which plaintiff believed were assessed to said Portland National Bank; that the assessor of Multnomah County returned a list of assessable property as required, and the board of equalization examined the same and made the following assessments: Money, notes, and accounts, $118,210; real estate, $24,000; mortgages, $63,670; and allowed an indebtedness within the State of $145,280, and leaving total taxable property of $62,600; that on said sum of $62,600, there was levied a tax of $        , and a warrant for its collection placed in the hands of Thomas A. Jordan; that at the time said assessment was made, the plaintiff had no property in the county of Multnomah subject to assessment and taxation, the whole thereof being offset by deduction of indebtedness; that nearly all of plaintiff's property consists of notes secured by mortgage, and that the same are taxable in the counties where the lands securing the same lie, and that said assessment of $118,210 was arbitrarily made and was erroneous as to all in excess of $50,000; that said assessment is erroneous, excessive, and unjust, and the taxes levied thereon are an apparent lien and cloud on the title of the plaintiff's aforementioned real estate; that thereafter said assessment roll, with the warrant of the County Court attached, was placed in the hands of defendant Thomas A. Jordan, sheriff of Multnomah County, for collection; that he returned said tax as delinquent, and the county clerk has as by law directed, issued a writ under his hand and with the seal of the County Court attached thereto, directed to said sheriff, commanding him to levy on the goods and chattels of the plaintiff, and if none be found, then upon the real property of the plaintiff, and that said Jordan will, unless restrained, etc.; and that plaintiff has no plain or adequate remedy at law, and pray that defendant be restrained. Upon the filing of the complaint a restraining order was issued.

The defendants demurred to the complaint for the reasons: *First,* the same did not contain facts sufficient to constitute a cause of suit; and *second,* there is a misjoinder of parties defend-

ant, in that the county of Multnomah is joined as a party defendant. The demurrer was overruled, and the defendants refusing to answer, and electing to stand by their demurrer, a final decree was entered in favor of the plaintiff, enjoining the collection of the taxes assessed against the plaintiff in Multnomah County for the year 1884. This decree was entered on the 21st of September, 1887, from which this appeal is taken.

1. Section 2769 of Hill's Code makes it the duty of any person liable to be taxed in his county to furnish the assessor a list of his real estate situate in his county liable to taxation, and a list of all his personal property liable to taxation in this State. This list is to be verified by such person, that to the best of his knowledge and belief such list contains a "full and true account of all his property liable to be taxed in such county. . . . ." The receiving of this list by the assessor is not an assessment of the property. It is simply a part of the means provided by law to aid the assessor in discovering and obtaining a true description of the property liable to taxation in his county. If satisfied of its truth and correctness, it is evidence upon which the assessor may act in making the assessment, or he may act on his own knowledge or institute further inquiries until all of the property of each tax-payer in his county is placed upon his tax roll. The property is not assessed until it is set down in the assessment roll as provided by section 2770 of Hill's Code.

Section 2778 of Hill's Code declares what officers in the county shall constitute the board of equalization, and section 2779 declares a part of the duties of such board as follows: "If it shall appear to such board of equalization that there are any lands or other property assessed twice, or in the name of a person or persons not the owner thereof, or assessed under or beyond its actual value, or any lands, lots, or *other property not assessed,* said board shall make the proper corrections." Waiving for the present the more important question of the jurisdiction of a court of equity to correct improper assessments by injunction under the facts disclosed, the complaint is open to serious criticism. What is meant by "a list of assessable property as required?" There is no such document known to the assessment laws of

this State. The official record of the assessor's work is the *assessment roll,* which he is required to return, and it may be inferred that that is the document which was before the board of equalization. By the terms of section 2779, *supra,* said board has power *to make the proper corrections amongst other* cases, when any land, lots, or *other property* has not been assessed. This language was evidently designed to confer upon the board power to make the necessary corrections by assessing the property where it has not been assessed, and this power has been constantly exercised by boards of equalization throughout the State. The power conferred by this section is clearly distinguishable from that conferred by section 2780, which gives the board power to "increase the value of any property so assessed" upon three days' notice.

In the one case, if property is omitted from the roll it may be placed there and a proper valuation placed upon it, and this without notice. In the other, the property being found upon the roll and valued by the assessor, that valuation cannot be changed or disturbed without the requisite notice. The board may have erred, but so far as appears from the record before us, it had the power to place on the assessment roll, property other than that returned thereon by the assessor, and so far as appears, that is the action complained of here.

2. As a general rule, equity has nothing to do with the correction of erroneous assessments. Aside from the requirements of the statute, public policy requires that the revenues should be promptly assessed, and collected by those officers and through those agencies which the law has specially provided for that purpose. Unless, therefore, a case can be brought by its particular and peculiar facts under some one of the heads of equity jurisdiction, such as the preventing a multiplicity of suits, removing cloud from title, or the like, equity will not ordinarily interfere unless the tax be illegal. The remedy prescribed by statute in most cases will be found ample and expeditious, and in such cases it ought to be exclusive. Burroughs on Taxation, section 102, states the rule thus: "*Errors, what tribunal corrects.* Where the assessors have jurisdiction of the persons or property assessed, they act judicially, and like the judgment of any other tribunal,

their acts are conclusive until reversed in the mode prescribed by law. Whether the error be in the valuation of property at too high a rate, or upon a wrong principle, or of property which is claimed as exempt, the decision of the assessor cannot be attacked collaterally. The remedy is by appeal to that tribunal provided by statute, and if there be none provided, then it is by *certiorari*." And this principle seems to be supported by many authorities. (*Stewart* v. *Maple*, 70 Pa. St. 221; 1 High on Injunctions, §§ 488, 492, 493; *Hughes* v. *Kline*, 30 Pa. St. 227; *Macklot* v. *City of Davenport*, 17 Iowa, 379; *Merrill* v. *Gorham*, 6 Cal. 41; *Porter* v. *R. I. & St. L. R. R. Co.* 76 Ill. 561; 2 Desty on Taxation, 661; *Waterbury Savings Bank* v. *Lawler*, 46 Conn. 243; *Seeley* v. *Town of Westport*, 47 Conn. 294; *Ottawa Glass Co.* v. *McCaleb*, 81 Ill. 556; *Mayor etc. of Brooklyn* v. *Meserole*, 26 Wend. 130; *State Railroad Tax Cases*, 92 U. S. 575; Cooley on Taxation, p. 542.)

3. This court held, in *Rhea* v. *Umatilla Co.* 2 Or. 298, that the assessor and clerk constituted *a tribunal*, whose decision might be reviewed by proceedings taken for that purpose under section 573 of the Code as it then stood. In that case the court further said: "The clerk and assessor sit as a tribunal after public notice has been given that they will then make an adjustment of valuations, and any aggrieved property holders ought to appear and seek redress for *wrongful* or *improper assessments*. When they do so seek a correction and are not satisfied with the decision, the law provides no other remedy, but to avail themselves of the writ of review, and that, too, within six months after the decision." And *Poppleton* v. *Yamhill Co.* 8 Or. 338, is to the same effect.

The plaintiff could have appeared before the board of equalization of Multnomah County then, and made such showing as would have induced that tribunal to make all necessary and proper corrections in its assessment, and upon its refusal to do so, it could have sued out a writ of review and brought the questions finally before the court. This was the plaintiff's remedy, and the only remedy under the facts disclosed by the complaint, if such facts under any circumstances furnished grounds for

relief. No authorities have been cited showing that a party is entitled to relief by injunction under the facts disclosed by the plaintiff, and it is believed that none have gone so far.

In reaching the conclusion indicated, we have not overlooked *Dalton* v. *East Portland,* 11 Or. 426; *Stingle* v. *Nevel,* 9 Or. 62; or *Brown* v. *School District No.* 1, 12 Or. 345. These cases in all their essential conditions are clearly distinguishable from the one now before the court; nor is it intended by anything that is here said to impair the force of those cases under the particular facts disclosed by each. We are satisfied for the reasons above given that the complaint furnished no ground for equitable interference to enjoin the tax complained of.

The decree must therefore be reversed and the suit dismissed.