[Argued November 23, 1892; decided January 9, 1893.]

## OR. & CAL. R. R. CO. *v.* LANE COUNTY ET AL.

[S. C. 31 Pac. Rep. 964.]

1. TAXATION — LAND GRANTS — INDEMNITY LANDS.— Lands earned by a railway company under a land grant from congress, and selected indemnity lands for which it is entitled to receive a patent, are subject to taxation like other lands for which it has received a patent, but the unselected indemnity lands are not taxable.

2. TAXATION — LIST OF PROPERTY — CODE, § 2769.— The verified list of property called for by section 2769, Hill's Code, is only an aid to the assessor; he is not bound by it, nor is it an assessment of the property. *Bank* v. *Jordan*, 16 Or. 115, approved.

3. BOARD OF EQUALIZATION — CODE, §§ 2779, 2780.— Under the powers conferred by sections 2779 and 2780, Hill's Code, the board of equalization may place on the assessment roll, and may value without notice, any and all omitted property, but if the board proposes to change the value of property already assessed, it must give the taxpayer three days' notice. *Bank* v. *Jordan*, 16 Or. 115, approved.

4. TAXATION.—NOTICE— CONSTITUTIONAL GUARANTY.— Notice in some form is an essential element of every just proceeding whereby the property of a citizen is to be affected — this is a constitutional guaranty that no citizen shall be deprived of his life, his liberty, or his property, without an opportunity to offer objections and be heard upon them.

5. IDEM — SHERIFF'S ASSESSMENT — CODE, § 2831.— A statute empowering a sheriff ( who is tax collector) to add to the tax roll without notice to the owner property omitted by the assessor, and to collect taxes thereon, is not unconstitutional where there is a board of equalization who hold a public meeting at a stated time, with power to add to and correct the assessor's rolls. The taxpayer has notice by the statute that this board will meet to correct errors and omissions, and it is his duty to appear and see that all his property is correctly listed; if he neglects this duty, and

this opportunity to be heard, he cannot object when his omitted property is assessed by the sheriff and made to bear its share of the public burden.

6. Idem — Alteration of Assessment Roll.— Adding to the assessment roll property not assessed, is a correction of the roll, and not an alteration.

7. Injunction — Payment of Taxes Due.— A taxpayer who has not tendered, or offered to pay, his just proportion of taxes, cannot enjoin the sale of his land for delinquent taxes on the ground of want of notice of assessment thereof.

Lane County: Martin L. Pipes, Judge.

Bill in equity by the Oregon & California Railroad Company to enjoin Lane County and James E. Noland, its sheriff, from selling certain lands of plaintiff for delinquent taxes. From a decree dismissing the complaint on a demurrer plaintiff appeals. Reversed.

*Wm. D. Fenton ( Bronaugh & McArthur*, and *E. R. Skipworth* on the brief), for Appellant.

Section 2831 of the Code is void because it does not provide for notice to the taxpayer, and because the duties of the sheriff are purely ministerial. The act of assessing property is quasi-judicial, and it is a proceeding which ultimately may ripen into a judgment and lead to the sale of the property, and therefore notice of the attempted assessment must be given in some form or other: Cooley, Taxation, 2d ed. 51, 361, 366; *Stewart* v. *Palmer*, 74 N. Y. 183; *San Mateo County* v. *Southern Pacific Railroad Co.* 13 Fed. Rep. 722 (8 Saw. 238); *Santa Clara County* v. *The Southern Pacific Railroad Co.* 18 Fed. Rep. 385; *Albany City Bank* v. *Maher*, 20 Blatch. 341; *McMillen* v. *Anderson*, 95 U. S. 37; *Hager* v. *Reclamation District*, 111 U. S. 701; *Blake* v. *People*, 109 Ill. 504; *Cahoon* v. *Coe*, 57 N. H. 556; *Davidson* v. *New Orleans*, 96 U. S. 104; 36 N. J. L. 70; *Dundee Mortgage & Trust Invest. Co.* v. *Parrish*, 11 Saw. 101; *Poppleton* v. *Yamhill County*, 18 Or. 377; Pomeroy Coal Co. 24 Pac. Rep. 340; Hill's Code, § 2760.

The assessment made by the sheriff is void because the lands are not described in separate parcels, with a

separate value affixed to each parcel, as required by the Code: Sections 2752, 2770, 2773, 2776; *Strode* v. *Washer,* 17 Or. 54; Cooley, Taxation, 2d ed. 400, 402; *Martin* v. *Cole,* 38 Iowa, 401; *Allegheny Comm.* v. *Mining Co.* 61 Md. 535; 1 Desty, Taxation, 573; *Shuinin* v. *Inman,* 26 Me. 228; *Terill* v. *Groves,* 18 Cal. 149.

The alteration of the assessment roll by the sheriff, by adding property not assessed, renders the tax claimed illegal: *Weston* v *Monroe,* 47 N. W. Rep. 446; *Ferton* v. *Feller,* 33 Mich. 199; *Clark* v. *Axford,* 5 Mich. 182.

The demurrer should be overruled for the reason that it is averred in the complaint that unimproved real estate was assessed for the year 1890 in Lane County at not to exceed forty per cent of its cash value, while the unimproved lands of the plaintiff were assessed double their cash value. It is well settled that a court of equity will not restrain a tax which is merely excessive; but by the averments of the complaint the over-valuation of plaintiff's lands, as compared with other lands, works out a fraudulent result. The assessment becomes illegal to the extent of an excessive tax, and relief may be had in equity without resort to a board of equalization· *Cal. & Or. Land Co.* v. *Gowen,* 48 Fed. Rep. 775; *Hersey* v. *Board,* 37 Wis. 79; *Merrill* v. *Humphrey,* 24 Mich. 170; *Schettler* v. *City of Fort Howard,* 43 Wis. 49.

If the court should be of the opinion that the plaintiff, seeking to enjoin a void tax, could not have relief in equity until such portion of the tax as he conceded to be due was paid, still such a rule is not applicable to the case at bar. The requirement that the legal tax should first be paid before the illegal will be restrained, only carries out the maxim of "He who seeks equity must do equity," but that applies only where some portion of the tax is admitted to be legal, or where the court can see that some portion of the tax is legal: *Dundee Mtg. Co.* v. *Charlton,* 13 Saw. 27; *Brown* v. *School Dist.* 12 Or. 345.

*George A. Dorris, A. C. Woodcock,* and *L. Bilyeu,* for Respondents.

Lord, C. J.—In substance, the complaint shows that the plaintiff, during the year 1890, was the owner and in possession of certain property in Lane County, known and designated generally as its interests in the lands granted by the act of congress of July 25, 1866, and certain other subsequent acts relating to said land grant; that of the lands so granted there have been patented to the plaintiff fifty-three thousand three hundred and thirty-two and twelve one hundredth acres; that there have been earned by the plaintiff thirty-four thousand five hundred and thirty-six and thirty-nine one hundredth acres more of such lands, as well as fifty-nine thousand three hundred and sixty-nine and eighty-eight one hundredth acres of selected indemnity lands which the plaintiff is entitled to have patented under the grant, but which are yet unpatented; and that there are ninety thousand three hundred and seventy-one and twenty-three one hundredth acres of indemnity lands still unselected by it, but which, when selected, the company is entitled to have patented, etc.; that the lands so patented were assessed during the year 1890 by the defendant county, and the taxes thereon paid to the defendant Noland as such sheriff of the county; that on or about the first day of April, 1891, the defendant Noland, as such sheriff, without authority of law, altered and added to the assessment roll of Lane County for the year 1890 the unpatented lands aforesaid, as well as the unselected indemnity lands, and returned the said assessment roll to the county clerk so altered, and after he had added thereto the aforesaid lands as delinquent for taxes thereon for the year 1890, in the sum therein specified, and that thereafter the county clerk prepared and returned to the defendant Noland, as such sheriff, a pretended delinquent roll with a pretended warrant, regular on its face, commanding the sheriff to seize and sell the property described therein to satisfy the sum specified; that thereafter, and in pursuance of such pretended warrant, the said sheriff, at the date alleged, did levy upon the real property described, for the purpose of col-

lecting the said delinquent taxes, and will, unless restrained, etc., sell the same to satisfy such warrant, with costs accruing; that the sheriff placed upon and added to the said assessment roll, without notice to the plaintiff, the said property already described and assessed, and levied thereon a tax of twenty-two mills on the dollar, arbitrarily and without consideration of the value of any particular tract of said land, or in any way observing the laws relating to the assessment of property; that said sheriff, without notice, and intending to wrong the plaintiff, put an excessive valuation upon each acre of said land, etc.; and that, in so altering and changing the roll by adding said property, and in assessing and leying a tax thereon, the said sheriff acted without authority of law, and his acts are void, etc.; that the seizure of such lands under the warrant aforesaid is a cloud upon plaintiff's title, and unless restrained will lead to a multiplicity of suits for the reasons therein alleged, etc.; wherefore the plaintiff asks that the injunction be made perpetual, and that said assessment be decreed to be void, etc. The defendants interposed a demurrer that the complaint does not state facts sufficient to constitute a cause of suit, which the court below sustained and dismissed the complaint.

1. In this statement of the facts we have omitted some allegations, and only endeavored to state the substance and effect of the others, so as to present the essential and vital point which counsel for the plaintiff desire to have decided. This point goes to the jurisdiction of the sheriff to add to the assessment roll the lands omitted and not assessed, and to make any valid assessment thereon. Before, however, proceeding to consider this aspect of the question, it is necessary to determine how much of the lands granted, as alleged, are subject to taxation. Upon this point, our conclusion is that the lands earned, and the selected indemnity lands to which the plaintiff is entitled to receive a patent, are subject to taxation the same as the lands for which it has received

a patent, and upon which, according to the facts alleged, taxes were assessed and paid.   But as to the unselected indemnity lands specified, as advised at present, we are of the opinion that they are not subject to taxation until selected and identified as the lands of the plaintiff.   It is true that the grant is *in præsenti,* and that the road is completed through the county, and that the patent to the lands to which the plaintiff is entitled, when they are selected and approved by the secretary of the interior, is only confirmatory of the title already granted to it; but until so selected and approved, it would seem that the United States would have an interest in such lands, and that it would be difficult to assess them as provided by our statute, unless the land grant in the county is taxable *in solido* as unimproved lands.

2. The main contention for the plaintiff is, however, that the sheriff had no authority in law to add to the assessment made by the assessor the property which he had omitted to assess.   The statute under which the sheriff acted is as follows:   "Whenever the assessor shall have omitted to assess any real or personal property liable to taxation in his county, it shall be the duty of the sheriff, upon discovering such omission, to assess the same and collect the taxes thereon, in like manner as other assessments are made and taxes collected, and such sheriff shall return, under oath, to the county clerk, the amount of taxes so assessed and collected by him".   Hill's Code, § 2831.   It is insisted that this section is unconstitutional and void, because it does not provide for notice to the taxpayer.   To appreciate the force of this objection, we must first understand what provision our statutes make for giving notice to those who own property liable to taxation.   It is provided by section 2760 of Hill's Code, that "each assessor shall give three weeks' public notice in some newspaper printed in his respective county   *   *   * setting forth that on the last Monday in August the board of equalization will attend at the office of the county clerk of his county, and publicly examine the assessment rolls,

and correct all errors in valuation, description, or quali-
ties of lands, lots, or other property; and it shall be the
duty of persons interested to appear at the time and place
appointed; and if it shall appear to such board of equali-
zation that there are any lands, lots, or other property
assessed twice, or in the name of a person or persons
not the owners thereof, or assessed under or beyond its
actual value, or any lands, lots, or other property not
assessed, said board shall make the proper corrections."
Section 2769 makes it the duty of any person liable to be
taxed in his county to furnish the assessor a list of his
real property situate in his county liable to taxation, and
a list of all his personal property liable to taxation in this
state.    This list is to be verified by such person, that to
the best of his knowledge and belief such list contains a
"full and true account of all his property liable to be
taxed in such county," etc.    As Strahan, J., said: "The
receiving of this list by the assessor is not an assess-
ment of the property; it is simply a part of the means
provided by law to aid the assessor in discovering and
obtaining a true description of the property liable to tax-
ation in his county.    If satisfied of its truth and correct-
ness, it is evidence upon which the assessor may act in
making the assessment, or he may act on his knowledge,
or institute further inquiries until all the property of
each taxpayer in his county is placed upon his tax roll.
The property is not assessed until it is set down in the
assessment roll, as provided by section 2770 of Hill's
Code": *Or. & Wash. Sav. Bank* v. *Jordan,* 16 Or. 115 (17
Pac. Rep. 621).

3.    Section 2778 provides that the county judge, county
clerk, and assessor shall constitute the board of equaliza-
tion to examine and correct the assessment roll, and to
increase and reduce the value of property assessed, in
the manner hereinafter provided; and section 2779 reit-
erates and declares a part of the duties of such board as
follows: "If it shall appear to such board of equalization
that there are any lands, or other property assessed

twice, or in the name of a person or persons not the owner thereof, or assessed under or beyond its actual value, or any lands, lots or other property not assessed, said board shall make the proper corrections." Section 2780 confers upon the board the power "to increase the value of the property so assessed" upon three days' notice. When any land or other property has not been assessed, the board, among other cases, has the power under section 2779 to make the proper corrections, but this power is clearly distinguishable from that conferred by section 2780. "In the one case," as Strahan, J., said, "if property is omitted from the roll, it may be placed there and a proper valuation placed upon it without notice," but, "in the other, the property being found on the roll, and valued by the assessor, that valuation cannot be changed or disturbed without notice."

4. The Code then proceeds to make provisions for the levy of taxes by the county court, and their collection and return by the sheriff, as tax collector, and among other things imposes the duty upon the sheriff, whenever the assessor shall have omitted to assess any real or personal property liable to taxation in his county, upon discovering such omission, to assess the same and collect the taxes thereon, in like manner as other assessments are made and taxes collected, as provided by section 2831, *supra*, which the plaintiff claims is void because it does not provide for notice to the taxpayer when the sheriff places upon, or adds to, the assessment roll such property liable to taxation as has been omitted and not assessed. At the outset, it is freely admitted that notice in some form, and an opportunity to be heard, must be given whenever the property of the citizen is to be affected by taxation. The principle is fundamental that the citizen cannot be deprived of his property without notice and an opportunity of a hearing, before the proceeding can become effectual. "Notice," said Agnew, J., "or at least the means of knowledge, is an essential element of every just proceeding which effects rights of

persons or property.": *Philadelphia* v. *Miller*, 49 Pa. St. 440. "It is a rule," said Earl, J., "founded on the first principles of natural justice, older than written constitutions, that a citizen shall not be deprived of his life, liberty, or property without an opportunity to be heard in defense of his rights, and the constitutional provision that no person shall be deprived of these without due process of law has its foundation in this rule": *Stuart* v. *Palmer*, 74 N. Y. 190. The proceeding by which property is taken by taxation is summary. The necessities of revenue for the support of government render it necessary that taxes should be imposed for such purposes; and while the power to tax is plenary, and the owners of property are supposed to receive a compensation for the burdens imposed in the protection afforded, yet the proceeding by which the imposition is to be laid upon the property should include notice to the taxpayer and an opportunity for explanations and suggestions. Indeed, notice is absolutely essential to the validity of the proceeding, as we deem it a matter of constitutional right. In this country the rule is, under every system of taxation, to give the person to be assessed and taxed an opportunity to be heard at some stage in the proceeding. These principles are elementary and fundamental, and tax proceedings constitute no exception to the rule requiring notice to give them validity. We agree, as Mr. Justice Field said, that "the authorities establish, beyond all controversy, that somewhere in the process of assessing a tax under a law, at some point before the amount becomes finally and irrevocably fixed, the statute must provide for notice to be given to the owner of the property taxed, and an opportunity be afforded to make objections and to be heard upon them. In some form or manner he must be afforded an opportunity to defend his interests": *The Railroad Tax Cases*, 13 Fed. Rep. 766.

5. Guided by this principle. we recur to the point made by the plaintiff that section 2831 is unconstitutional and void in not providing notice to the taxpayer. The ques-

tion, then, presented for our determination is, whether or not, within the provisions set out, the plaintiff had notice and an opportunity to be heard in respect to the lands it owned in the county subject to taxation. If it had notice, then the law requiring the sheriff to add to the assessment roll property which had escaped the attention of the assessor, is not vulnerable to the objection suggested. The plaintiff is charged with knowledge of the law, and the duties in respect to the taxation of its property which devolved upon it. The law made it the duty of the plaintiff to furnish the assessor a list of all the property owned by it liable to taxation within the county, and a performance of its duty in this regard would have afforded the plaintiff an opportunity to be heard, if it desired to make any explanation or suggestion about such lands. But whether the plaintiff furnished such list of its real property situate in the county, or left the assessor to discover it as best he could, as we must assume it did, the statute, in order to affect the plaintiff, as well as every other taxpayer, with notice as to all its property liable to taxation, whether it had been put upon the assessment roll by the assessor or not, provides for the giving of notice to all concerned of the time and place of the meeting of the board of equalization, whose duty it is, among other things, in making corrections of the assessment roll to add such property to it as may have escaped the vigilance of the assessor.

The same law also makes it the duty of the plaintiff to appear, so that it may have the opportunity to be heard in defense of its rights, or to make any explanation or suggestion the occasion may require, even to adding property owned by it but omitted. It is only when the board undertakes to make a change in the valuation of the property as fixed by the assessor, that any further notice is required. This evidently is based on the assumption that the taxpayer has furnished a list of all his property, and knows the valuation which has been placed upon it by the assessor for the purposes of taxa-

tion.   But as to all other matters in regard to which the
board is authorized to act, such as adding to the roll
property which has been omitted by the assessor, no
other notice than that already given is required.   The
reason is, that the notice prescribed and given to the tax-
payer affects him as to all the property he owns in the
county, because it notifies him of the time and place of
the meeting of the tribunal which is authorized to make
corrections respecting any and all property owned by
him in the county, including the right to put on the
assessment roll property omitted by the assessor, before
which he may appear and be heard in defense of his
rights, and insist that his property is correctly put on
the roll, and not subjected to any more than its just share
of the public burdens.   This being so, when the plaintiff
or other taxpayer has failed to appear in obedience to the
notice prescribed, and some of the property owned by it
has been omitted from the assessment roll and will escape
taxation and its full share of the public burdens unless
put on the roll and assessed, it is right and just that
some other officer shall be authorized to do it, as the
plaintiff or other taxpayer has had notice and a full op-
portunity for a hearing and to make explanations and
suggestions in respect to its property.   This is precisely
the object of section 2831 in authorizing the sheriff to
assess the same and collect the taxes thereon.   As tax col-
lector he is in a position to discover any property omitted,
and it is appropriate that he should be clothed with the
power to correct such omissions when they are discovered.

It is clear, then, that there has been a time in the pro-
ceeding when the plaintiff has had notice which affected
it as to all the property it owned in Lane County, and an
opportunity to be heard before its property was finally
assessed, if it chose to avail itself of such notice, and see
that its property was on the assessment roll, properly
described and bearing no more than its just share of tax-
ation.   After this notice no other is required, when other
property liable to taxation has been discovered, to enable

the sheriff to assess it.   Nor has any authority been cited
where notice is given and an opportunity for a hearing,
as prescribed by our statute, requiring that any further
notice shall be given, before the property discovered and
which has been omitted from the assessment roll shall be
assessed.   In *Railroad Co.* v. *Johnson*, 108 Ill. 11, SHEL-
TON, J., said:  "The point is made that the assessor had
no authority to list and assess this omitted property with-
out notice to the railroad company, and refers to authori-
ties cited.   These cases are only to the effect that when
a person furnishes the assessor with a list and valuation
of his property, which is accepted by the assessor with-
out question, the assessor has no power afterwards to
alter the same without first giving notice to the party
assessed.   But we know of no authority for the position
that if an assessor discovers other property than that
listed, he must give the owner notice before he can list
and assess the same."   Our statute clothes the sheriff
with the same power that the assessor had in that case.

6.   It is a mistake to suppose that the adding of prop-
erty not assessed is an alteration of the assessment roll.
In *Robb v. Robinson*, 66 Iowa, 500 (24 N. W. Rep. 15), the
decision was rendered upon the construction of a statute
identical in effect with the statute under which the sheriff
acted in the case at bar.   The statute, as quoted in the
opinion, is as follows:  "It shall be the duty of the county
treasurer to assess any real property subject to taxation
which may have been omitted by the assessor or county
clerk, and to collect the taxes thereon."   With the differ-
ence that the treasurer was the tax collector instead of
the sheriff, that statute and our own are identical.   And
the court in that case construed the act of the treasurer
in assessing the omitted lands to be a correction of the
assessment made by the assessor, saying:  "But it is not
going very far to say that the omission to assess lands
which ought to be assessed, is an error, and the only mode
of correction is to supply the omission."   In *Parker* v.
*Van Steenburg*, 68 Iowa, 174 (26 N. W. Rep. 60), REED,

J., said: "The manifest intention of the legislature, as it may be gathered from the various provisions of the chapter in which these sections occur, was to secure the assessment of all property subject to taxation. The purpose for which the sections were enacted was to aid in the accomplishment of this result. If the real estate subject to taxation has been omitted from the assessment by the assessor, the county auditor generally has the means of determining that fact. * * * . By that section the treasurer is required to assess the property that has been omitted by the assessor, board of equalization, or county auditor. * * * It is contended, however, that conceding the auditor has the authority to assess the property, the assessment is void because it was not made until after the tax for the year 1873 was levied by the board of supervisors, etc. There is no provision of the statute limiting the time within which the auditor may make the assessment, and there is nothing in the nature of the case which requires that the assessment of property should precede the levy of the taxes. The tax levy fixes the per centum of tax which shall be collected on the valuation of the property, and this can as well be done before as after the assessment."

It was intimated that the question of notice was not raised in this case, and therefore it ought to have little force on the case at bar, though it was admitted that it pressed heavily in other respects on the contention of the plaintiff. We take it that the reason the question as to notice was not raised, was because the notice already given affected the party as to all his property within the jurisdiction, that assessed as well as that omitted, and no further notice was necessary. The adding of property omitted is not an alteration of the roll, as the changing of valuation is; it does not destroy the identity of the roll, but simply places on it the property that ought to be there. We are all of the opinion that no further notice is requisite.

7.   The facts show that the lands put on the roll by the sheriff are of the same general character as those patented, and upon which the plaintiff paid the taxes, and that they were assessed at the same value, and therefore the plaintiff is in no position to claim the discrimination alleged.   Nor is there any averment that the plaintiff tendered, or has offered to pay, its just proportion of taxes; and in such case the general rule is, that before a party asks equitable relief, he should do that justice which is necessary to enable the court to hear him.   The reason, however, was that the plaintiff acted on the assumption that section 2831 was void, and consequently that it was not necessary to ascertain if the lands omitted, or any part of them, were taxable under that provision.   As a general rule, equity has nothing to do with the correction of erroneous assessments; and while it is true, as Strahan, J., said, that "public policy requires that the revenues should be promptly assessed and collected by those officers and through those agencies which the law has specially provided for that purpose," it is equally true that the plaintiff ought not to be required to pay taxes on any lands not liable to taxation.   The complaint in the case we have found in some of its allegations difficult to understand, and it ought to have been made more specific by motion before the demurrer was interposed.   But in consideration of the fact that lands not liable to taxation were included with those taxable, it was error to sustain the demurrer and to dismiss the complaint.

The demurrer must therefore be overruled, and the cause remanded for such further proceedings as may be just and equitable not inconsistent with this opinion.

Note.—The subjects of taxation, due process of law, notice, right to a hearing, equality and uniformity of taxation, and discrimination, are carefully reviewed at length in the notes to The Railroad Tax Cases, 13 Fed. Rep. 722 (8 Saw. 238), and County of Santa Clara v. Southern Pacific R. R. Co. 18 Fed. Rep. 385 (9 Saw. 165).—Reporter.