[Argued July 12, 1893; decided July 24, 1893.]

### RAMP *v.* MARION COUNTY.
[S. C. 33 Pac. Rep. 681.]

TAXATION—POWER OF BOARD OF EQUALIZATION TO ASSESS PROPERTY— CODE, § 2779.—Where an owner of property subject to taxation fails to see that it is listed and properly valued by the assessor, section 2779 of Hill's Code authorizes the board of equalization to put it on the assessment roll, and put a valuation thereon; and it is the duty of the property owner to attend the sittings of the board, and make any objections that he may desire to the assessment, and if he does not he cannot be heard to complain afterward. *Or. & Cal. R. R. Co.* v. *Lane County*, 23 Or. 385, approved and followed.

Marion County: GEO. H. BURNETT, Judge.

This is an action by Mary A. Ramp against Marion County to recover one hundred and forty-five dollars and thirty-three cents alleged to have been unlawfully collected by the county from the plaintiff as taxes for the year 1890, and comes here on an appeal by plaintiff from a judgment in favor of the county on a demurrer to the complaint. Affirmed.

*Bonham & Holmes*, for Appellant.

*Jas. McCain*, and *D'Arcy & Bingham*, for Respondent.

MR. JUSTICE BEAN delivered the opinion of the court:

The material allegations in the complaint are that at the time the county assessor called upon the plaintiff for the purpose of listing her property for assessment and taxation, she owned no property liable to assessment and taxation in the county, except three certain mortgages of the aggregate amount and value of two thousand eight hundred dollars. But thereafter, and before the meeting of the board of equalization, she borrowed of Ladd & Bush four thousand dollars, and of Samuel Ramp one thousand dollars, which she loaned to her son B. F. Ramp, taking his promissory note therefor; and that the board of equalization, without any notice whatever, other than the general notice of its meeting, added the sum of six thousand dollars to her assessment, and made no deduction on account of said indebtedness; that she had no knowledge of the action of the board until after its final adjournment, when she applied to the county court for a rebate and correction of her assessment, by a reduction thereof, and an allowance of five thousand dollars for indebtedness, but the court refused to make the correction, and ordered the sheriff to collect the tax, which he did by garnishing the interest due on one of plaintiff's mortgages. The case thus presents the question as to whether the assessment and the tax thereon sought to be recovered back in this action were illegal and void, for if there was simply an overvaluation of the property, or some irregularity in the mode of assessment, or proceedings connected therewith, this action cannot be maintained. To support an action to recover back money upon the ground of the illegality of the tax or assessment, it must appear that the authority to levy the tax, or levy it upon the property in question, was wholly wanting, or that the tax itself was wholly unauthorized, thus rendering the assessment and all proceedings taken for its collection, not merely irregular, but absolutely void: 2 Dillon, Municipal Corporations (4th Ed.), § 940; *Winter* v. *City Council of Montgomery*, 65 Ala.

403; *Lincoln* v. *City of Worcester*, 8 Cush. 55. For mere irregularities or overvaluation in the assessment, the statute has provided a board of equalization from which one who is wrongfully assessed or unequally taxed may obtain relief. This is his exclusive remedy, and it is his folly if he fails to avail himself of it: 2 Desty on Taxation, § 116; *Davis* v. *Macey*, 124 Mass. 193.

Now in this case it is not claimed that the county did not have authority by law to levy the tax sought to be recovered back, or to levy it upon the property in question, but the contention for plaintiff is (1) that the board of equalization had no authority to add the six thousand dollars to her assessment, (2) that her property was overvalued, and (3) that she was not allowed a deduction of five thousand dollars for indebtedness. Under section 2779 of Hill's Code, the board of equalization was authorized and empowered to add to the assessment roll the five thousand dollar note belonging to plaintiff, and any other property omitted by the assessor, and to place a valuation thereon without any notice other than the general notice of the meeting of the board: *Or. & Wash. Mtg. Sav. Bank* v. *Jordan*, 16 Or. 113 (17 Pac. 621); *Or. & Cal. R. R. Co.* v. *Lane Co.* 23 Or. 385 (31 Pac. 964). If her property was overvalued, either by the assessor or board of equalization, or if she was not allowed the proper deduction for indebtedness, it was but a mere irregularity which did not render the assessment void, and her remedy was by an application to the board of equalization, and, failing to obtain satisfactory relief there, she could have brought the matter before the courts upon a writ of review, and it was her own negligence if she did not do so. We are not aware that any decided case has held that assumpsit against a county will lie to recover money back paid for taxes on the ground of any irregularity, error, or mistake in fact, or in law, in the mode of making the assessment. On the contrary the law is well settled that in such cases the tax-

Points decided.

payer's only remedy is by an application to the tribunal provided by law for that purpose. The plaintiff was chargeable with knowledge that the note and any other property owned by her in Marion County was liable to assessment and taxation in the county, and that if she did not see that it was listed by the assessor, and properly valued, the law authorized and empowered the board of equalization to add it to the assessment roll, and place a valuation thereon, and it was her duty, if she desired to be heard, either on the question of its valuation, or her right to a deduction for indebtedness, to have appeared before the board at the time and place specified in the notice of its meeting, and submitted the matter to it for consideration. This she did not do, but, as we must assume, took her chances on the assessor or board of equalization discovering her property, and, having done so, she cannot now, because the result is unfavorable, have the relief here she might have obtained had she appeared before the board and given a true statement of her property and its condition. The judgment is therefore AFFIRMED.