Argued 20 March; decided 24 April, 1899.

## KIRKWOOD v. FORD.

[56 Pac. 411.]

1. COUNTY BOARD OF EQUALIZATION—POWER TO ASSESS.—A county board of equalization may assess property taxable in its county omitted by the assessor from the roll, and fix a valuation thereon, under Hill's Ann. Laws, §§ 2778, 2779, without other notice than the general one given by the assessor of the meeting of the board to correct and equalize the assessment roll.

2. REMISSION OF TAXES BY SHERIFF.—The sheriff is not authorized under Hill's Ann. Laws, § 2832, to remit taxes where the assessment has been made by the board of equalization instead of the assessor: *Steel v. Fell*, 29 Or. 272, applied.

3. ESTOPPEL TO CLAIM REMISSION OF TAXES.—A taxpayer who personally appears before the board of equalization and makes oath that she is the owner and holder of certain property, is not entitled to have the taxes thereon remitted on her bare subsequent affidavit that she is not the owner.

From Washington :    THOS. A. McBRIDE, Judge.

Application for mandamus by Janet Kirkwood against H. P. Ford, Sheriff. From an order dismissing the writ, plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Samuel B. Huston.*

For respondent there was a brief over the name of *Loring K. Adams*, with an oral argument by *Mr. N. W. Barrett.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is a proceeding by mandamus to compel the Sheriff of Washington County to remit the taxes assessed against the plaintiff upon certain mortgages, as authorized by Section 2832, Hill's Ann. Laws.* It appears that the

---

*Section 2832. "Whenever the assessor, through mistake or otherwise, shall return as taxable property a greater amount than should be assessed to any person, the sheriff may remit the excess upon the person owning such property, or his agent, making affidavit that the same was wrongfully assessed, * * * and report the same." * * * —REPORTER.

plaintiff was assessed in 1895 by the assessor of said county upon real, but not upon personal, property, which assessment was returned in due time to the board of equalization. She was thereupon cited to appear before the board, and show cause why she should not be assessed upon certain notes, and, in pursuance thereof, appeared in person on September 28, 1895, and admitted under oath that she was the owner of notes aggregating $10,680, which the board caused to be assessed to her at $8,000. Subsequently, on March 21, 1896, plaintiff presented an affidavit to the sheriff, setting forth a list of all the property which she claimed to own liable to taxation, and alleging that the assessor had, by mistake or otherwise, returned as taxable property belonging to her the said notes, valued at $8,000, when in truth and in fact she was not the owner thereof, and that the same were wrongfully assessed to her. The plaintiff's demand for a remission of the taxes thereon having been refused, she sued out a writ of mandamus to compel compliance on the part of the sheriff. The sheriff, in his return to the alternative writ, set up the facts touching the plaintiff's citation and appearance before the board of equalization, her admission under oath that she was the owner of such notes and mortgages securing the same, its consequent assessment of the property to her, and that such assessment is the one complained of. The lower court found the allegations of the return to be true, and entered judgment dismissing the writ, from which plaintiff appeals.

1. The contention of plaintiff is that the directions of section 2832 are mandatory, and that, when any person shows by affidavit that he or she has been wrongfully assessed upon property not belonging to such person, the sheriff has no alternative but to remit the taxes, and report his action to the county court for credit upon his

account. It will be noted that the section relates to the correction of mistakes of the assessor; but the board of equalization may also assess property, taxable in its county, which that officer has omitted from the roll, and fix a valuation thereon; and this it may do without notice, other than the general notice given by the assessor of the meeting of the board for the purpose of correcting and equalizing the assessment roll: Hill's Ann. Laws, §§ 2778, 2779*; *Oregon & Washington Mortgage Savings Bank* v. *Jordan*, 16 Or. 113 (17 Pac. 621); *Oregon & California R. R. Co.* v. *Lane County*, 23 Or. 386 (31 Pac. 964); *Ramp* v. *Marion County*, 24 Or. 461 (33 Pac. 681).

2. The board is given much larger powers than the assessor, being invested with revisory jurisdiction, so that the act of the board cannot be deemed in any sense to be the act of the assessor. A strict construction should be given said section 2832 (as was intimated in *Steel* v. *Fell*, 29 Or. 272, 45 Pac. 794), and this precludes the sheriff from all authority to remit the taxes where the assessment has been made, as here, by the board of equalization.

3. There is yet another reason why plaintiff should not be permitted to prosecute the writ. She personally appeared before the board of equalization, and made oath to the effect that she was the owner and holder of the property in question. She thereby became instrumental in causing the board to assess it to her; and this fact alone was sufficient to preclude her from procuring a remission by the sheriff of the taxes on such property, upon her bare affidavit that she was not the owner thereof.

AFFIRMED.

*Section 2778: "The county judge, county clerk, and assessor constitute a board of equalization."

Section 2779: "If it shall appear to such board of equalization that there are any lands or property * * * not assessed, said board shall make the proper corrections."—REPORTER.