CHARLES H. CURTIS, Respondent, *vs.* DEMUS D. WARD, Adm'r of JOHN D. MEREDITH, dec'd, Appellant.

1. *Revenue—Stock in National Bank, liable to taxation.*—Shares in National Banks are liable to assessment and taxation in this State. (Lionberger vs. Rowse, 43 Mo., 67: First Nat. Bank vs. Meredith, 44 Mo., 500, affirmed.)
2. *Revenue—Personal property of non-residents.*—Personal property of non-residents which is found within the local jurisdiction is taxable here, regardless of whose hands it happens to be in.

*Appeal from Sixth District Court.*

*Henderson & Shields*, for Appellant.

*James Carr*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff brought suit in the Hannibal Court of Common Pleas against Meredith, who was the collector of Marion County, to recover the amount of State and county taxes collected of him. The petition alleged that plaintiff was a resident of the State of Illinois, and that he was the owner of certain shares of the capital stock in the First National Bank of Hannibal, in this State, and that the same was assessed to him in Marion County ; that the assessment was made without authority of law, and was illegal; that the stock was exempt from taxation, but, notwithstanding. the defendant levied upon the same and was about to sell it, to satisfy the taxes, when plaintiff, to prevent a sale and have the stock released, caused the taxes to be paid under a written protest.

Judgment was therefore demanded for the amount.

To this petition a demurrer was filed, which was by the court overruled, and the defendant refusing to answer, and electing to stand on his demurrer, a judgment absolute was rendered for the plaintiff. The defendant then appealed to the late District Court, where the judgment of the Common Pleas was affirmed, and from that decision the cause was brought here.

Two questions have been presented to this court : First— whether shares of stock in National Banks are taxable under the laws of this State ? Secondly—whether the stock being per-

sonal property could be taxed here, when the plaintiff was a resident of another State? Since this suit was instituted, both of these questions have been determined in the affirmative. That the shares in National Banks are liable to assessment and taxation in this State, has been repeatedly decided and is no longer an open question. (Lionberger vs. Rowse, 43 Mo., 67; First Nat. Bank vs. Meredith, 44 Mo., 500.)

It is equally well established, that the personal property of a non-resident is taxable here if it be found situate within the local jurisdiction, regardless of whose hands it may happen to be in. (St. Louis vs. Wiggins Ferry Co., 40 Mo., 580; Taylor, Adm'r vs. St. Louis County Court, 47 Mo., 594.)

In the recent case of Tappan vs. The Merchant's Nat. Bank of Chicago, before the United States Supreme Court, (not yet reported) it was held that the State, within which a National Bank is situated, has jurisdiction for the purpose of taxation of all the shareholders of the bank, both resident and non-resident.

It follows therefore, that the court erred in overruling the demurrer and its judgment will be reversed; the other judges concur.