## Case No. 13,405.

STEVENS et al. v. NEW YORK & O. M. R. CO. et al.

[13 Blatchf. 104.] [1]

Circuit Court, S. D. New York. Aug. 17, 1875.

TAXATION — PROPERTY IN HANDS OF RECEIVER — INJUNCTION AGAINST TAX COLLECTOR.

1. There is no sound principle upon which the property of a person or a corporation, which is placed in the hands of a receiver by a court of justice. for the purposes of a suit pending in such court. can be regarded as being thereby rendered exempt from the operation of the tax laws of the government within whose jurisdiction such property is situated.

2. Except under very special circumstances the power of taxation ought not to be interfered with by injunction.

3. In a suit pending in this court for the foreclosure of a mortgage given by a railroad corporation. receivers of the mortgaged property were appointed by this court. They applied to this court to enjoin certain tax collectors from executing warrants for taxes assessed on the mortgaged property, on the ground of irregularities in the assessment of the taxes. So far as appeared. the warrants were regular on their faces and the tax collectors were acting thereunder in good faith. in the discharge of their duty. The injunction was refused.

[This was a bill in equity by John G. Stevens and others, trustees, against the New York & Oswego Midland Railroad Company and others, to foreclose a certain mortgage.]

Ashbel Green, for receivers.

John C. Churchill, John C. Perry, E. More, Holmes & Smith, Henry W. Wiggins, Amos G. Hull, Archibald C. Niven, L. B. Kern, A. N. Sheldon, and Stewart & Read, for tax collectors.

BLATCHFORD, District Judge. This is a suit for the foreclosure of a mortgage on certain property owned by the New York and Oswego Midland Railroad Company, a corporation. Pending the suit, John G. Stevens and Abram S. Hewitt have been appointed by this court receivers of the mortgaged property. They now apply to this court, by petition, for injunctions to restrain the tax collectors of certain towns in the state of New York from proceeding to interfere with the property which is in the hands of such receivers, by selling it under warrants to satisfy certain state taxes. One ground of the application is, that the imposition of taxes on the corporation, or its property, is in violation of the constitution of the United States, as impairing the obligation of a contract made between the state and the corporation. This question has heretofore, on a separate argument, been decided by this court adversely to the receivers. Hewitt v. New York & O. M. R. Co. [Case No. 6,443]. The matter has now been argued upon objections made by the receivers to the mode of assessing the taxes.

But. a preliminary point is taken, that this court will not, in this way, examine the questions raised as to the regularity of the assessment of the taxes. The tax collectors are not parties to this suit. This court is not a tribunal to which any direct power is confided to supervise or review the regularity of the assessment of the taxes, as on certiorari. Nor are the questions raised between the adversary parties to a plenary suit, with its regular procedure in the way of trial and opportunity for review, but they are brought up on motion, in a collateral action. It is, however, contended for the receivers, that the property in their possession is in the possession of this court; that such possession cannot be disturbed without the consent of this court; and that, before this court will consent to part with the possession of the property which may be required to pay the taxes, it will assure itself that the tax collectors are lawfully entitled to subject it to the claims for taxes.

I have heretofore decided that the property in the hands of the receivers was properly assessed as the property of the corporation. There is no prerogative of sovereignty which is of higher importance than the power of taxation, which includes the collection, as well as the assessing, of the taxes. The very existence of the state as a government depends upon the exercise of such power. Except under very special circumstances, such power ought not to be interfered with by injunction. The promptness and regularity of the collection of taxes are as important to the welfare and credit of the government, and to its capacity to fulfil its functions, as is the collection itself. If any person is aggrieved by the exercise of the authority of the tax collector, he has an adequate ultimate remedy in an action against the wrongdoer, with the preliminary remedy afforded, of directly reviewing the proceeding according to the method, and before the tribunal, provided by the laws of the government under whose authority the proceeding takes place. There is no sound principle upon which the property of a person or a corporation, which is placed in the hands of a receiver by a court of justice, for the purposes of a suit pending in such court, can be regarded as being thereby rendered exempt from the operation of the tax laws of the government within whose jurisdiction such property is situated. So far as appears, the warrants in the hands of the tax collectors are regular on their faces, and the tax collectors

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

are acting thereunder in good faith, in the discharge of their duty. Under such circumstances this court would not hold the collectors to be guilty of a contempt of this court for levying on the property of the corporation to satisfy the taxes specified in the warrants. That being so, this court will not undertake to determine, on affidavits, and in a collateral suit, the questions raised as to the irregularities alleged to have existed in the assessment of the taxes, or to enjoin the tax collectors from executing the warrants.

The applications for injunctions must be denied and the temporary injunctions must be dissolved.

[Subsequently the court made an order of distribution of the proceeds of the mortgaged railroad and its property. Case No. 13,406.]