## McCutchen v. Rice County.

*(Circuit Court, D. Minnesota. ——, 1881.)*

1. TAXATION—PERSONAL PROPERTY—CHANGE OF RESIDENCE.

A statute of the state of Minnesota, in force in the year 1876, imposed a tax upon "all personal property of persons residing" within the state, in reference to the quantity of such property held or owned by such residents on the first day of May of that year. *Held*, that the personal property of one who had been a resident of the state, but who was *in itinere* on the first day of May, 1876, for the purpose of making the city of New York the place of his future residence, was subject to taxation under the Minnesota statute.

2. SAME—NON-RESIDENT.

In the year 1877 the statute of the state of Minnesota was amended so as to impose a tax upon "all personal property employed in trade or business" within the state. *Held*, that personal property employed within the state for the purposes of private banking, and for the loaning of money on bond or note and mortgage, was employed in business within the meaning of the statute, although such business was in the process of being closed up.

3. SAME—SAME.

> In the year 1878 the statute of the state of Minnesota was amended so as to impose a tax upon "all personal property" within the state. *Held*, that the statute subjected all personal property within the state to taxation, irrespective of its ownership.—[ED.

*G. E. Cole*, for plaintiff.

*O. F. Perkins* and *G. N. Baxter*, for defendant.

NELSON, D. J. This suit is brought to recover back from the county of Rice, in the state of Minnesota, the personal-property tax of plaintiff, paid under protest, for the years 1876, 1877, and 1878. It was removed from the state court by the plaintiff, upon the ground that he was a citizen of the state of New York when the suit was commenced, and a jury trial is waived by stipulation on file.

The following sections of the statute were in force when the taxes were levied in 1876:

"Section 1. All real property in this state, and all personal property of persons residing herein, the property of corporations now existing or hereafter created, and the property of all banks or banking companies now existing or hereafter created, and of all bankers, except such as is hereinafter expressly exempted, is subject to taxation, and such property, or the value thereof, shall be entered in the list of taxable property for that purpose, in the manner prescribed by this act: *provided*, that railroad, insurance, and telegraph companies shall be taxed in such manner as now is or may be hereafter fixed by law."

Section 6 declares that personal property shall be listed for taxation between the first Monday in May and the fourth Monday in June, in reference to the quantity held or owned on the first day of May. Personal property purchased or acquired on the first day of May shall be listed by or for the person acquiring it.

"Sec. 7. Personal property shall be listed in the manner following: *First*, every person of full age and sound mind, being a resident of this state, shall list all his moneys, credits, bonds, or stock, shares of stock of joint-stock or other companies, (when the property of such company is not assessed in this state,) moneys loaned or invested, annuities, franchises, royalties, and other personal property; *second*, he shall also list all moneys and other personal property, invested, loaned, or otherwise controlled by him as the agent or attorney, or on account of any other person or persons, company, or corporation whatsoever, and all moneys deposited subject to his order, check, or draft, and credits due from or owing by any person or persons, body corporate or politic.

"Sec. 8. Personal property, except such as is required in this act to be listed and assessed otherwise, shall be listed and assessed in the county, town, or district where the owner resides. The capital stock and franchises of corporations and *persons*, except as may be otherwise provided, shall be listed and taxed in the county, town, or district where the principal office or place of business of such corporation or *person* is located in this state. If there be no principal office or place of business in this state, then at the place in this state where any such corporation or *person* transacts business."

In the year 1877, and before the tax of that year was levied, section 1 was amended so as to read:

"All real property and all personal property employed in trade or business in this state, and all personal property of persons residing herein, * * * is subject to tax," etc.

In 1878 section 1 of the statute in force read:

"All real and personal property in this state * * * is subject to taxation."

### FINDING OF FACTS.

The plaintiff, an unmarried man, a native of Ireland, had resided previous to the 27th of April, 1876, and for many years, in the city of Faribault, in the state of Minnesota. He was engaged in private banking, and loaning money on bond or note and mortgage. Being in infirm health, he determined to close up his business, abandon Faribault, and make the city of New York his permanent residence. In April he left Faribault and was *in itinere* to New York, stopping at Philadelphia, where he was on May 1st, the day fixed by statute for listing personal property for the purpose of taxation. The personal property not being listed by the plaintiff or his agent in charge of his business, which was in process of being closed up, was returned by the assessor and the tax collected or paid by the agent involuntarily. In 1877 and also in 1878 the personal property remained in the state of Minnesota, and was successively taxed under the laws existing during those years. The plaintiff reached the city of New York about May 3, 1876, stopping at a hotel for two weeks, when he gave up his room, leaving his heavy baggage at the house, and traveled until November 1st, when he visited a

nephew in Brooklyn, remaining there until January 7, 1877, when he went south, returning to New York the last of April, and then visited Faribault, where he stayed during the months of July, August, and part of September, to look after and settle up his business matters, as he testifies. He returned to New York in September, and nine days after sailed for Europe, remaining abroad over two years and until October, 1879, when he came back direct to Faribault and there remained until February, 1880, when this suit was commenced, and then returned to New York.

The plaintiff testifies that he abandoned his residence in Faribault in April, 1876, and intended to make thereafter his permanent residence in New York.

### CONCLUSIONS.

For the purposes of taxation the plaintiff cannot be without a residence, and, in my opinion, although he intended to abandon a residence in Faribault, Minnesota, and left there for that purpose in April, 1876, with the intention of making the city of New York his future residence, yet not having in fact reached that city before May 1, 1876, he had not acquired a new residence so as to escape taxation in the state of Minnesota. I therefore determine:

1. That the facts do not show a change of residence to defeat the tax levied upon plaintiff's property for the year 1876. The plaintiff's residence for the purpose of taxation was in Minnesota, May 1, 1876, and the personal property taxed was owned by him as a resident of the state of Minnesota at that date.

2. That the law of Minnesota existing in 1877 taxed personal property employed in trade or business in the state, whether the owner was a resident or non-resident. I think the personal property taxed was employed in business within the meaning of the tax law of 1877.

3. The law of 1878 taxed personal property in the state irrespective of ownership, and the tax for this year was legally imposed.

I have not written an elaborate opinion in this case for the reason that it was intimated by counsel at the hearing that a writ of error would be taken to the United State supreme court in any event, and I content myself with an announcement of my conclusion upon the facts and law as I understand them. Judgment will be entered in favor of the defendant, and a writ of error is allowed.