## FARMER & SONS v. SASSEEN ET AL.

1. **Practice in Supreme Court:** ABSTRACT NOT DENIED BY AMENDMENT TAKEN AS TRUE. Where appellant's abstract is not denied by an amended abstract, it will be taken as true. A denial contained in the argument will not be considered.

2. **Judicial Sale:** SATISFACTION OF JUDGMENT BY: SALE SET ASIDE: JUDGMENT RESTORED. Where land was sold at sheriff's sale in satisfaction of plaintiff's judgment, but the sale was afterwards set aside by the court, *held* that the satisfaction of the judgment should also have been set aside; and the overruling of a motion to that end was error.

*Appeal from Keokuk District Court.*

FRIDAY, MARCH 21.

IN April, 1879, the plaintiffs recovered a judgment against the defendants. Execution thereon was issued, and thereunder the plaintiffs became the purchasers of certain real estate belonging to the defendants, and thereby their judgment was, satisfied of record in August, 1881. Thereafter one Singmaster commenced an action in the circuit court, to correct a

decree foreclosing a mortgage executed to him by the defendants, and a sale thereunder, so that it would appear that he had, under his mortgage and sale, the prior lien on the real estate purchased by the plaintiffs. In March, 1882, Singmaster obtained a decree, and it was therein determined and ordered that the land purchased by the plaintiffs had been sold by the sheriff under the decree of foreclosure, and the same by the decree was included or inserted in the Singmaster certificate of purchase, and the sale of the land to the plaintiffs was set aside. The plaintiffs and defendants were parties to said action, but, neither having appealed therefrom, the same remains in full force and effect. At the time this decree was entered, no deed had been executed under the Singmaster foreclosure and sale, and it is claimed by the appellees that the plaintiffs had the right to redeem from said sale. Afterward, in August, 1882, a motion was filed in the district court by the plaintiffs to set aside the satisfaction of their judgment, on the ground that the sale had been set aside by the circuit court, as above stated, and it had been decreed that, under said sale, the plaintiffs did not obtain title to the land. The motion was overruled, and the plaintiffs appeal.

*Leggett & McKemey* and *Sampson & Brown*, for appellant.

*Mackey, Fonda & Mackey*, for appellees.

SEEVERS, J.—I. Counsel for the appellees insist in argument that there was no bill of exceptions or certificate of the trial judge setting out the evidence introduced, and, therefore, we have nothing before us which can be determined. The abstract states that it contains "all the pleadings, evidence and other proceedings in this cause." There is no amended abstract denying this statement. The only denial is in the argument of counsel. In the absence of an amended abstract denying the statements contained in appellant's abstract, the latter is deemed to be true. *White v. Savery*, 49 Iowa, 197.

1. PRACTICE in supreme court: abstract not denied by amendment taken as true.

II.   It is provided by statute that, where real estate is pur-
chased at sheriff's sale, and the judgment on which execution

2. JUDICIAL          issued was not a lien thereon, which fact was
sale: satisfac-
tion of judg-        unknown to the purchaser, the sale shall be set
ment by : sale
set aside :          aside on motion.   Code, § 3090.   The appellees
judgment
restored.            insist that plaintiffs' judgment was a lien, and

that by the purchase the plaintiffs obtained the right of re-
demption.   In other words, it is claimed that the Singmaster
lien was the prior lien only, and that defendants had the legal
title on which plaintiffs had a lien, junior to that of Singmas-
ter.   This being so, it is insisted that the plaintiffs are not
entitled to the relief asked, and *Hamsmith v. Espy*, 19 Iowa,
444, and *Holtzinger v. Edwards*, 51 Id., 383, are cited in sup-
port of this position.   The cases cited are distinguishable from
the one at bar in at least two particulars.   In the former cases,
the purchaser had notice, actual or constructive, at the time
he purchased, of the other and prior liens.   In the case at
bar, the plaintiffs did not have such notice.   Whether this
should make any difference, we have no occasion to deter-
mine.   The relief asked in the cited cases was to set aside the
sale.   In this case the sale has been set aside by a competent
court, and it is not claimed that such court did not have juris-
diction of the subject-matter and of the parties.   This being so,
it follows that the decree of the circuit court is not void, but
voidable at most, and, as it has not been appealed from, it
remains in full force.   Now, whether the judgment of the
circuit court is right or wrong is immaterial.   But, so far as
these parties are concerned, it must be regarded as a binding
adjudication on them, and their rights measured thereby.

We then have the case where the sale has been judicially
set aside, and it seems to us that it necessarily follows that
the satisfaction of the judgment which followed the sale, and
was entered of record by reason thereof, should be set aside.
The satisfaction of the judgment depends on whether there
was a sale.   The latter having been set aside, in legal effect
there is no sale to support the satisfaction of the judgment.

Whether the circuit court ought to have set aside the sale, we do not determine. The district court erred in overruling the motion.

REVERSED.