Schmidt, Treas., *et al. v.* Failey, Rec., Supreme Sitting Iron Hall.

---

SCHMIDT, TREASURER, ET AL. *v.* FAILEY, RECEIVER OF
THE SUPREME SITTING OF THE ORDER
OF THE IRON HALL.

[No. 18,034.    Filed June 8, 1897.]

TAXATION.—*Funds of Nonresidents in the Hands of a Receiver in This State.*—The funds of an insolvent mutual benefit assessment society in the hands of a receiver in this State are subject to taxation in the county where they are kept on deposit by such receiver, although the funds had been collected in other states in which the company also did business, and turned over to the Indiana receiver by orders of their respective courts, and were to be distributed to claimants, many of whom were nonresidents.

From the Marion Superior Court. *Reversed.*

*W. A. Ketcham, Merrill Moores* and *A. R. Hovey,* for appellants.

*Harold Taylor* and *Baker & Daniels,* for appellee.

HOWARD, J.—The Supreme Sitting of the Iron Hall is a mutual benefit and assessment society, organized

under the voluntary association laws of the State of Indiana, and having its principal office in the city of Indianapolis, but doing business without, as well as within the limits of the State. The association having become insolvent, the appellee was appointed receiver and took charge of its assets. *Supreme Sitting of the Iron Hall* v. *Baker,* 134 Ind. 293.

This action was brought by the receiver to enjoin the appellants, who are the treasurer and auditor of Marion county, from taking any steps for the collection of taxes, amounting to $8,626.96, assessed against certain moneys held on deposit by said receiver, in banks in the city of Indianapolis, to the amount of $522,847.28.

The assessment was made by the county board of review; and it was alleged in the complaint for injunction that such assessment was illegal and void, for the reason, "That said county board of review did not have jurisdiction of and power to assess the moneys so on deposit in bank to the credit of this plaintiff as receiver."

It appears from the complaint that other receivers had been appointed for said corporation in the different states where it had done business, but that such receivers outside of Indiana, by direction of the courts appointing them, had turned over to this appellee the funds in their hands, with the understanding and agreement that all holders of certificates of membership in said organization should be paid, ratably, their several shares of the balance of funds left in the hands of the receiver after collection of amounts due to and payment of expenses incurred by him in the administration of his trust. The claimants for such balances are, in number, about 45,000, and are scattered over the country. The amounts found due them aggregate $4,815,174.40.

The contention of appellee is, that it is those claim-
ants, and not the receiver, that are the owners of the
fund to be distributed by him in part payment of their
claims; and, hence, that it is the claimants severally,
and not the receiver, that should be taxed for the
funds in his hands.

The constitution of this State requires that all
property, except that used for certain designated pur-
poses, should be taxed. Article 10, section 1, de-
clares, that "The General Assembly shall provide, by
law, for a uniform and equal rate of assessment and
taxation; and shall prescribe such regulations as shall
secure a just valuation for taxation of all property,
both real and personal, excepting such only, for mu-
nicipal, educational, literary, scientific, religious or
charitable purposes, as may be especially exempted
by law."

In carrying out this constitutional requirement, the
legislature, in section 3 of the tax law, section 8410,
Burns' R. S. 1894, has provided, that "All property
within the jurisdiction of this State, not expressly ex-
empted, shall be subject to taxation."

It is not denied that the property in question, that
is, "moneys so on deposit in bank to the credit of this
plaintiff as receiver," is property, "personal property,"
as understood in the tax law. In section 53 of that
act, as amended February 23, 1895 (Acts 1895, p. 21),
the first item named in the schedule of "personal prop-
erty—chattels," is "money on hand or on deposit, or
subject to my order, check or draft," etc. Neither is it
contended that, under the constitution, such property
has been, or can be, exempted from taxation.

The simple question left, then, is, whether the prop-
erty in the hands of the receiver is "within the juris-
diction of this State." That it is in the hands of a re-
ceiver, in this State, and subject to distribution by

him, on order of the court of which he is an officer, would seem to make it clear that it must be within the jurisdiction of the State.

Even if the receiver were not technically the "owner" of the property for many purposes, including the purpose of taxation, still that circumstance would not be controlling. In section 169 of the tax law, section 8587, Burns' R. S. 1894, it is provided, that "It shall be the duty of every administrator, executor, guardian, receiver, trustee, or person having the property of any decedent, infant, idiot or insane person in charge, to pay the taxes due upon the property of such decedent, ward or party." If, then, appellee is in charge of the property of the corporation, as he certainly is, under direction of the court, he is required, under this section, "to pay the taxes due upon the property" so in his charge.

And the fact, too, that nonresidents might have claim to some distributive share of the property, on final settlement, whether that property were in the hands of an administrator, a receiver or other trustee, could not deprive the State of the right to tax the property before distribution, and while still in custody of an official of the court having control of such distribution. By clause 4, section 11, of the tax law, as amended by the act approved and in force March 1, 1895 (Acts 1895, p. 74), it is provided, that "Personal property of nonresidents of the State shall be assessed to the owner or to the person having control thereof in the township, town or city where the same may be, except that where such property is in transit to some other place within the State, it shall be assessed in such place." Appellee, even if he were not, in law, the owner of the "moneys so on deposit in bank" to his credit as receiver, was, at least, "the person having control thereof," and hence the one to whom such

property should be assessed. As well might an administrator claim'that he ought not to be required to pay taxes on the money in his hands belonging to the estate of his decedent, for the reason that certain heirs or creditors residing in other states or in other counties would have a right to share in the distribution of such estate on final settlement.

Indeed, if there is any property, whether held in trust or not, which should aid in the support of the government within whose jurisdiction it is located, certainly it must be that property which is in need of the care and assistance of the courts and officials of the State, to protect it while here, and to secure, on final settlement, its fair and just distribution to its ultimate owners wherever they may reside. The receiver himself and the counsel who aid him in his trust, do not act without compensation; still less should the State be called upon to expend her revenues in the management of the same trust without proper return for her outlay. Taxes are not only a lien upon trust funds in court, but they are the first and paramount lien, to be paid before any other lien or claim whatsoever, except it be the costs of court.

There can be, as said in *Hoyt* v. *Commissioners of Taxes*, 23 N. Y. 224: "No more just and appropriate exercise of the sovereignty of a state or nation over property, situated within it and protected by its laws, than to compel it to contribute towards the maintenance of government and law."

And it was well said in *Billinghurst* v. *Spink County*, 5 S. D. 84, 58 N. W. 272, that "A nonresident who sends money into this state and surrenders its possession and control to agents fully authorized to loan, invest, and manage the same, thereby subjects such property to the jurisdiction of this state, for the purposes of taxation; and the fiction as to the situs of the

property yields to the requirements of justice, and the actual situs is the place where the property. is actually situated." Citing 1 Desty. Tax'n, 324; *Hutchinson* v. *Board, etc.*, 66 Iowa 35, 23 N. W. 249; *McCutchen* v. *Rice County*, 7 Fed. 558; Cooley Tax'n, 373; *Curtis* v. *Ward*, 58 Mo. 295; *Walton* v. *Westwood*, 73 Ill. 125; *In re Jefferson*, 35 Minn. 215, 28 N. W. 256.

A like doctrine as to situs of personal property was announced by Judge Storey, in his Conflict of Laws, section 550, where it is said: "Although movables are for many purposes to be deemed to have no situs, except that of the domicile of the owner, yet this being but a legal fiction, it yields whenever it is necessary for the purpose of justice that the actual situs of ' the thing should be examined. A nation within whose territory any personal property is actually situate has as entire dominion over it while therein, in point of sovereignty and jurisdiction, as it has over immovable property situate there."

"There is no prerogative of sovereignty," said Justice Blachford, in *Stevens* v. *New York, etc., R. R. Co.*, 23 Fed. Cas. 21, 13 Blach. 104, "which is of higher importance than the power of taxation, which includes the collection as well as the assessing of the taxes. The very existence of the state as a government depends upon the exercise of such power. Except under very special circumstances, such power ought not to be interfered with by injunction." And he adds: "There is no sound principle upon which the property of a person or a corporation, which is placed in the hands of a receiver by a court of justice, for the purposes of a suit pending in such court, can be regarded as being thereby rendered exempt from the operation of the tax laws of the government within whose jurisdiction such property is situated."

In *Walters* v. *Western, etc., R. R. Co.*, 68 Fed. 1002,

the court said: "This property, if it is subject to taxation at all, must be taxed as a lump sum in the hands of the receivers. * * * It is, to a large extent, actual money, as alleged, held by the receivers in the state, county, and city claiming the tax. It is not different from any other property in the hands of receivers of court, which all the authorities agree is subject to taxation in the locality where it is held by these officers of court."

And in New Jersey, etc., R. R. Co. v. Board of Railroad Comr's, 41 N. J. L. 235, it was said: "The appointment of a receiver, as the means of protecting the private rights of individuals, cannot affect the rights of the state. The state is still sovereign. Its sovereignty can only be secured by maintaining its powers of taxation, and there is neither any sound principle nor authority upon which the property of a person, or a corporation, which is placed in the hands of a receiver for the purposes of a litigation, can be regarded as thereby rendered exempt from the operation of the tax laws of the government within whose jurisdiction such property is situated."

"The general statutes," it was said in Spalding v. Commonwealth, 88 Ky. 135, 10 S. W. 420, and the same is true of our own statutes, "show it was intended that all property should contribute its proper proportion to the means necessary to support the county and state governments. They were enacted in the spirit of fairness and equality; and property situated like that in question will escape, and receiverships become exceedingly popular, unless the court in control of it can order its officer holding it to list it and pay the taxes upon it. * * * The estate should pay its proportion of the public burden in return for its protection under the law."

So it was said in George v. St. Louis, etc., R. W. Co.,

44 Fed. 117: "Inasmuch as the receiver appointed in this case had possession of the property on account of which the tax was imposed during the period within which the collector might have made, and probably would have made, a levy but for the existence of the receivership, it is plainly the duty of the court to see that the tax bill against personalty is paid in preference to all other demands. The appointment of a receiver and sale of property by a decree of this court, in a case of this character, will not be allowed to interfere with or to defeat the collection of a public revenue."

Judge Brewer, now of the Supreme Court of the United States, in *Central Trust Co.* v. *Wabash, etc., R. W. Co.*, 26 Fed. 11, said: "I think that in levying and collecting taxes the state is exercising its sovereign power, and that there should be no interference with its collection of those taxes in its prescribed and regular methods, even by a court having property in the possession of its receivers, unless it is first charged that the taxes are in some way illegal or excessive."

And in *Ex parte Chamberlain*, 55 Fed. 704, the court said: "There can be no doubt that property in the hands of a receiver of any court, either of a state or of the United States, is as much bound for the payment of taxes, state, county, and municipal, as any other property. Persons cannot, by coming into this court, and, for the promotion of their interests, applying for and obtaining the appointment of receivers, obtain exemption from the paramount duty of a citizen." See *Dysart* v. *Brown* (Ga.), 26 S. E. 767; *Senour* v. *Ruth*, 140 Ind. 318; *Buck* v. *Miller, Treas.*, 147 Ind. 586, 37 L. R. A. 384; *United States* v. *Erie R. W. Co.*, 106 U. S. 327. See, also, collection of authorities in *Schmidt* v. *Failey, Rec.*, 37 L. R. A. 442.

Neither upon principle, then, nor upon authority, as

we think, can it be contended that the appellee should not be required to pay the taxes assessed against the moneys in his charge and control, whether on hand or on deposit, as well as against all other property in his hands as receiver.

The judgment is reversed, with instructions to sustain the demurrers to the complaint, and for further proceedings not inconsistent with this opinion.