# Richmond

COLONIAL-AMERICAN NATIONAL BANK, SPECIAL RECEIVER, ETC.,
v. THE COMMONWEALTH OF VIRGINIA.

November 16, 1933.

Present, Campbell, C. J., and Epes, Hudgins, Gregory and
Browning, JJ.

The opinion states the case.

*Hall, Buford & Leftwich,* for the plaintiff in error.

· *W. W. Martin* and *Henry R. Miller, Jr.,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

In the year 1911, Carrie A. Claytor, wife of M. H. Claytor, both of whom were, at that time, residents of the city of Roanoke, Va., acquired valuable real estate located in the city, by deed from the Globe Realty Company, Inc., of which her husband, M. H. Claytor, was president. Mrs. Claytor, under the terms of the deed, took a life estate in the property with remainder to the children of Carrie A. and M. H. Claytor. The Claytors, parents and children, afterwards moved to California and became residents of that State, except a son, Edwin E. Claytor, who appears

to have become a resident of the State of Oklahoma. At the time of the trial of this suit all the parties in interest under the deed referred to had been non-residents of Virginia for some fifteen years.

In 1929, the owners of the real estate, being the Claytors mentioned, through an agent in Roanoke negotiated a sale of the property at the price of $107,500.00. The attorney for the purchaser advised, in order to perfect the title, that a chancery suit be brought to have the court ratify and confirm the sale. This was done and under the terms of appropriate decrees the purchaser paid $7,500.00 in cash and executed its five bonds for $20,000.00 each, secured by trust deed on the property, payable twenty years after date, with interest at five per cent, represented by quarterly coupons. The bonds were made payable to Helen Claytor Purrington, trustee, who was one of the Claytor children, and who was and is a non-resident of Virginia. The court decreed that the bonds should be delivered to the Colonial-American National Bank of Roanoke, special receiver, and held by it as custodian of the court and subject to its orders. The bank was directed to pay to Mrs. Claytor the accruing interest and upon the happening of the events in contemplation of the provisions of the deed to deliver the bonds to Helen Claytor Purrington, trustee, for the owners thereof.

Through the appropriate tax authorities the State of Virginia assessed intangible personal property taxes against the bonds for the years 1930, 1931 and 1932, and there was an income tax assessment for the year 1930.

The bank as special receiver filed its petition in the Hustings Court against the Commonwealth praying for relief from the erroneous assessment of taxes. The court held the tax assessments valid, but reduced the amounts of the intangible property assessments to the sum of $550.00 for the three years and the income assessment for the year 1930 was established at $41.25. From the decree effecting this an appeal was allowed by this court.

The tax statutes (Tax Code 1930, Appendix p. 2249)

which have been invoked by both parties as controlling are as follows:

"Section 425: *Taxable Situs of Personal Property Generally.*—\* \* \* If the property consists of money, bonds or other evidences of debts under the control or in the possession of a receiver or commissioner, it shall be listed by and taxed to such receiver or commissioner, and the clerk of each court shall furnish the examiner of records with a list of all bonds and funds held by the commissioners or receivers under the authority of the court. If the property consists of money or other thing deposited to the credit of any suit, and not in the hands of a receiver, it shall be listed by and taxed to the clerk of the court in which the suit is, and such clerk shall, upon the order of his court, made in term or vacation, withdraw from such deposit the amount of such tax. All moneys, bonds, estates, credits and other evidences of debt, listed by and taxed to clerks, receivers and commissioners of courts, as hereinabove provided for, whether the same be for the purchase price of real estate or personal property, shall be exempt from taxation in the name of the parties beneficially interested therein."

"Section 426 (Tax Code 1930, Appendix p. 2251): *Taxable Situs of Property Held in Trust in Certain Cases and the Taxation of the Income Thereon.*—Property held in trust by a trustee who is a resident of this State, shall not be deemed to have a situs in this State for purposes of taxation, and shall not be assessed for taxation in this State if the creator of the trust was at the time of the creation thereof, a non-resident of this State, and if all the beneficiaries under the trust are also non-residents. Nor shall the income derived from any such property be assessed for taxation in this State. If, however, one or more of the beneficiaries is a resident of this State, the property, and the income therefrom, shall be assessable for taxation as if the trustee were a non-resident."

"Section 38 (Tax Code 1930, Appendix p. 2139): *Individual Income Tax Rates; Residents and Non-Residents.*—

\* \* \* A like tax is hereby annually levied for each taxable year at the rates specified in this section upon and with respect to the entire net income as herein defined for purposes of taxation, except as herein provided, from all property owned and from every business, trade, profession or occupation carried on in this State by natural persons not residents of the State. But a non-resident individual receiving income from labor performed, business done or property located in this State, and income from labor performed, business done or property located outside of this State, shall be taxable only upon the amount of income received by such taxpayer from labor performed, business done, or property located within this State. The remainder of the income received by him shall be deemed non-taxable by this State."

█ We think the three statutes should be considered and construed together.

The contention of the State is that the debtor—that is, the maker of the bonds—being within its jurisdiction, the security being in Virginia, one of its courts having the power to make orders concerning the fund or evidences of debt, the bonds being physically in the State and that the corpus, arising out of Virginia sources, constitute such facts as under the law establish its right to make the assessments which are, they allege, in all respects valid.

This is resisted by the appellant, which urges that the beneficiaries of the fund are non-residents of Virginia; that the creator of the fund is a non-resident; that it is simply a custodian of the court holding the fund in trust for the beneficiaries, as though it were a trustee; and that neither it nor the court has any title, ownership or beneficial interest in the fund or bonds. It maintains that the provisions of section 426 are controlling and that the assessments are invalid.

A number of cases are cited which we do not consider necessary to review. Perhaps the most apposite is the case of *Schmidt* v. *Failey, Receiver, etc.*, 148 Ind. 150, 47 N. E. 326, 37 L. R. A. 442, which is cited by the State. The

case is clearly distinguishable from that in judgment. In the Indiana case there were 45,000 claimants to the fund in the hands of the receiver. The ownership of any particular claimant of any particular portion had yet to be established by some sort of procedure. The title to the fund in the individuals was absolutely undetermined and unknown. The fund to some extent was made up of monies which had been held by receivers of foreign jurisdictions who had sent them to the Indiana general receiver for administration purposes. But of much more importance is the fact that in Indiana there was no such statute as the Virginia tax section 426.

Unquestionably the title and ownership of the bonds are in the parties entitled to them and to whom they will ultimately pass and they are all non-residents of the State of Virginia. Technically there is a receivership, but in reality the bonds are held by the appellant rather in escrow. They are not in Virginia by virtue of title or ownership. They are but temporarily in the State and doubtless could be removed at any time by the trustee, Mrs. Purrington, by the execution by her of a good and sufficient bond. It is said by the State that the bonds and income are not taxable in any other jurisdiction. That is beside the question. The State or States of the domicile or residence of the owners can alone take cognizance of that.

The case in our opinion is controlled by section 426. The tax assessments, both as to the intangible personal property and as to the income, are not within the spirit of the Tax Code and accordingly we reverse the judgment of the trial court and hold the bonds in question and the income therefrom as non-taxable by the State of Virginia, and we give final judgment for the plaintiff in error.

*Reversed.*

HUDGINS, J., dissenting.